1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## SOUTHERN  DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| ROBIN RONALD THORWARD, | CASE NO.  04cv1953-IEG (RBB) |
| Petitioner, | |
| v. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| MIKE KNOWLES, Warden, | |
| Respondent | |

12

13

14

15

16      Petitioner Robin Ronald Thorward, a state prisoner proceeding by and through counsel,

17   has filed a petition for a writ of habeas corpus alleging he was denied the effective assistance of

18   counsel when his attorney abandoned his direct appeal contrary to his explicit directions.  Upon

19   remand from the Ninth Circuit Court of Appeals, this Court held an evidentiary hearing with

20   regard to Petitioner's claim on May 31, 2007.  Following the hearing, counsel for Petitioner and

21   for Respondent filed supplemental briefs.

22      Upon due consideration, the Court concludes Petitioner has not demonstrated he is

23   entitled to relief under 28 U.S.C. § 2254.  His petition is DENIED.

24                                             *Background*

25      The factual and procedural background of the case is set forth in the Court's September

26   6, 2005 order adopting the Report and Recommendation and denying the petition.  In short, on

27   May 29, 2002, a jury convicted Petitioner of assault by means likely to cause great bodily injury,

28   tampering with electric, telephone and cable television, vandalism, and resisting an officer.  The

1

1    jury also found Petitioner personally inflicted great bodily injury upon the victim.  The trial court

2    sentenced Petitioner to a total term of eleven years, four months in prison.

3              On July 2, 2002, Petitioner appealed his conviction and sentence to the California Court

4    of Appeal. On August 29, 2002, the court appointed counsel to represent petitioner. On

5    October 25, 2002, appellate counsel filed an abandonment of the appeal pursuant to Rule 38 of

6    the California Rules of Court. [Lodgment No. 3.] The appellate court dismissed the appeal on

7    October 29, 2002. [Lodgment No. 4.]

8              On December 12, 2002, Petitioner filed a petition for a writ of habeas corpus in the San

9    Diego Superior Court. The court denied the petition by reasoned decision on January 14, 2003.

10   [Lodgment No. 5.]  Petitioner then filed a petition for a writ of habeas corpus in the California

11   Court of Appeal arguing (1) the trial court violated the Double Jeopardy Clause by enhancing his

12   sentence for "personally inflicting great bodily injury" because he was already convicted and

13   sentenced for "assault by means of force likely to produce great bodily injury" and (2) his

14   appellate counsel, Marta Stanton, was constitutionally ineffective for abandoning his appeal

15   contrary to his wishes. [Lodgment No. 6.]  The California Court of appeal denied the petition by

16   reasoned decision on August 4, 2003.  [Lodgment No. 7.]

17             On September 22, 2003, Petitioner filed a petition for review of his habeas petition in the

18   California Supreme Court.  [Lodgment No. 8.]  The petition was denied without comment or

19   citation on June 9, 2004. [Lodgment No. 9.]

20             The current habeas corpus petition was filed on September 27, 2004.  The petition raised

21   the same Double Jeopardy and ineffective assistance of counsel claims which Petitioner raised

22   before the state courts.  On April 28, 2005, Magistrate Judge James F. Stiven filed a report and

23   recommendation recommending the petition be denied in its entirety.  The Court filed an order

24   adopting the R&R and denying the petition on September 6, 2005.

25             Petitioner filed a notice of appeal.  By memorandum decision filed February 20, 2007,

26   the Ninth Circuit reversed and remanded for an evidentiary hearing as to whether Petitioner told

27   his court-appointed appellate lawyer he wanted to pursue his appeal.  That court noted

28   Petitioner's habeas petition "alleges that Stanton disregarded instructions, contained in two

1   letters Thorward mailed and a phone call from his mother, not to file an abandonment form he

2   had earlier signed.  The petition also represents that Stanton acknowledged receiving such

3   instructions before filing the abandonment form."  Based thereon, the Ninth Circuit remanded

4   for an evidentiary hearing to determine "whether Thorward really did tell Stanton not to file the

5   abandonment form before she did so."  The Ninth Circuit stated "[i]f the court determines that

6   Thorward gave such instructions in time, then the district court must order his release from

7   custody unless the state allows him to take a direct appeal."

8   ***The Evidentiary Hearing***

9        Against this backdrop, the Court held an evidentiary hearing on May 31, 2007.  At the

10  hearing, the Court received the following documentary evidence: a letter from Ms. Stanton to

11  Petitioner dated October 10, 2002, advising him to abandon his appeal [Petitioner's Trial Exhibit

12  1]; a letter from Ms. Stanton to Petitioner dated October 21, 2002, again advising him to

13  abandon his appeal [Petitioner's Trial Exhibit 4]; an envelope from Petitioner to Ms. Stanton

14  signed by a correctional officer on October 20, 2002 and postmarked October 22, 2002

15  [Petitioner's Exhibit 12]; a form Abandonment of Appeal, signed by Petitioner and with a proof

16  of service showing Ms. Stanton mailed it to the Court of Appeal on October 25, 2002 [Plaintiff's

17  Trial Exhibit 5]; an October 28, 2002 letter from Petitioner to Ms. Stanton advising her he had

18  changed his mind and wanted to file an opening brief, with a postmark date of October 29, 2002

19  [Petitioner's Trial Exhibit 6]; an order by the California Court of Appeal, filed October 29, 2002,

20  dismissing the appeal and issuing the remittitur [Petitioner's Trial Exhibit 7]; and a letter from

21  Ms. Stanton to Petitioner dated November 5, 2002, advising him his appeal had already been

22  abandoned [Petitioner's Trial Exhibit 8].

23       The Court heard testimony from Petitioner, his mother Nora Jean Thorward, Petitioner's

24  appellate counsel Marta Stanton, and investigator Maria Marcucilli.  Petitioner testified he

25  received the October 10, 2002 and October 21, 2002 letters from Ms. Stanton advising him to

26  abandon his appeal. Petitioner recalled telling his mother he did not want to abandon his appeal

27  and asking her to call Ms. Stanton to tell her to disregard the abandonment form.  Petitioner

28  believed he talked to his mother the same day he signed the abandonment form, but after he

1 | mailed it. Petitioner stated after he received the October 21, 2002 letter from Ms. Stanton, his

2 | October 28, 2002 letter was his first communication with Ms. Stanton to tell her he wanted to go

3 | forward with his appeal.

4 | Petitioner's mother testified she received a collect call from Petitioner asking her to call

5 | Ms. Stanton regarding his appeal.  Ms. Thorward's phone records indicate she called Ms.

6 | Stanton on October 17, 2002, and spoke with her for 8 minutes.  [Plaintiff's Trial Exhibit 2].

7 | Ms. Thorward testified Ms. Stanton wanted to explain to her why Petitioner should abandon his

8 | appeal.  Ms. Thorward testified she directly told Ms. Stanton during the October 17, 2002

9 | conversation that her son did not want to abandon his appeal.  According to phone records, Ms.

10 | Thorward also called Ms. Stanton on November 7, 2002.  Ms. Thorward believes she just left a

11 | message for Ms. Stanton at that time indicating that Petitioner did not want to abandon his

12 | appeal.

13 | Ms. Stanton testified she sent the October 21, 2002 letter to Petitioner, after speaking

14 | with Petitioner's mother and Petitioner's trial counsel, because she had not received either the

15 | Abandonment of Appeal form or acknowledgment of the risks of proceeding on appeal from

16 | Petitioner.  Ms. Stanton spoke with Petitioner's mother on October 17, 2002.  Ms. Thorward told

17 | Ms. Stanton she was calling because Petitioner received the October 10, 2002 letter and did not

18 | understand it.  Ms. Stanton explained to Ms. Thorward why she believed Petitioner should

19 | abandon the appeal.  Over a week after she spoke with Ms. Thorward, on October 25, 2002, Ms.

20 | Stanton received Petitioner's signed Abandonment of Appeal form.  She signed the form and

21 | mailed it to the Court of Appeal on the same day.  Ms. Stanton received Petitioner's October 28,

22 | 2002 letter on October 30 or 31, 2002, after she had received an e-mail notice from the Court of

23 | Appeal that Petitioner's appeal had been dismissed.  After she received Petitioner's October 28,

24 | 2002 letter, Ms. Stanton contacted Appellate Defenders, Inc. ("ADI") to see if there was any way

25 | to withdraw Petitioner's abandonment and reinstate the appeal.  Supervisory attorneys at ADI

26 | told her there was no way to withdraw the abandonment.  She did not, however, do any

27 | independent research to determine the circumstances under which the remittitur could be

28 | recalled.

1

### *Discussion*

2      "[A] lawyer who disregards specific instructions from the defendant to file a notice of

3  appeal acts in a manner that is professionally unreasonable.  Roe v. Flores-Ortega, 528 U.S. 470,

4  477 (2000) (citing Peguero v. United States, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to

5  file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal

6  would likely have had merit.")).  Where a defendant instructs counsel to initiate an appeal,

7  [c]ounsel's failure to do so cannot be considered a strategic decision . . . ."  Counsel's decision

8  not to pursue an appeal, contrary to a defendant's wishes, results in a forfeiture of the

9  defendant's Sixth Amendment right to counsel during a critical stage of a judicial proceeding.

10  Id. at 483.  As a result, the defendant need not show he had a meritorious ground for appeal.

11  United States v. Sandoval-Lopez, 409 F.3d 1193, 1196 (9th Cir. 2005). Instead, the prejudice

12  prong requires a showing only that "there is a reasonable probability that the defendant would

13  have appealed." Id.

14      Based upon the evidence presented at the hearing, the Court finds Petitioner failed to tell

15  Ms. Stanton not to file the abandonment form before she did so.  In response to Ms. Stanton's

16  October 10, 2002 letter, Petitioner signed and returned the Abandonment of Appeal form to Ms.

17  Stanton on October 22, 2002.  Ms. Stanton received the form on October 25, 2002 and forwarded

18  it to the Court of Appeal for filing. Petitioner alleged in his petition that his mother called Ms.

19  Stanton after he mailed the Abandonment of Appeal form, to inform her Petitioner had changed

20  his mind.  However, phone records confirm Ms. Thorward's substantive discussion with Ms.

21  Stanton occurred before he mailed the Abandonment of Appeal form. Ms. Thorward testified

22  that she told Ms. Stanton on October 17, 2002 that her son did not want to abandon his appeal.

23  This conversation occurred five days before Petitioner actually mailed the Abandonment of

24  Appeal form.

25      Based upon her October 10, 2002 letter, and subsequent conversation with Ms.

26  Thorward, it was reasonable for Ms. Stanton to believe, upon receipt of the Abandonment of

27  Appeal form from Petitioner, that he intended to abandon his appeal.  Ms. Stanton did not

28  receive any communication from Petitioner or his mother, after receiving the Abandonment of

1    Appeal form and forwarding it the Court of Appeal, instructing her not to file the document.

2    Even if Ms. Thorward left a message for Ms. Stanton on November 7, 2002, telling her

3    Petitioner had changed his mind and wanted to pursue his appeal, such instructions were too late

4    as the appeal had already been dismissed according to Petitioner's earlier request.  Therefore,

5    Petitioner is not entitled to habeas relief.

6           During the evidentiary hearing, and in the supplemental briefing following the hearing,

7    Petitioner and his counsel focused upon the fact Ms. Stanton did not undertake any independent

8    research to determine what could be done to recall the remittitur.  As Respondent points out, this

9    is a completely new claim which has not been exhausted before the state courts and is beyond

10   the scope of the Ninth Circuit's limited remand.  Even if not a new claim, however, the Court

11   finds Petitioner is not entitled to relief based upon Ms. Stanton's alleged failure to seek relief

12   from the dismissal of Petitioner's appeal.

13          Contrary to Petitioner's assertion, Ms. Stanton did not fail to investigate what relief

14   Petitioner could seek.  Ms. Stanton contacted ADI, which supervised appointed appellate

15   attorneys and served as a resource for such attorneys to determine what remedy was available.

16   Although Petitioner cites to the California Rules of Court permitting recall of the remittitur in

17   certain circumstances, such relief may be granted only where the issuance "was a result of

18   mistake, inadvertence or fraud . . . ."  Bryan v. Bank of America, 86 Cal. App. 4th 185, 190-91

19   (2001). Recall of the remittitur "though described in procedural terms, is actually an exercise of

20   an extraordinary substantive power."  Id.  In this case, Petitioner, having been informed of his

21   alternative choices regarding his appeal, initially chose to abandon his appeal.  Petitioner soon

22   thereafter changed his mind and attempted to inform his attorney of that fact, but Petitioner's

23   notice to his attorney came too late.  Therefore, Petitioner is not entitled to habeas relief.

                                            ***Conclusion***

25          For the reasons set forth herein, the Court finds Petitioner did not tell his state appellate

26   attorney, before she filed his Abandonment of Appeal with the California Court of Appeal, to

27   disregard his transmittal of that form and instead pursue his appeal.  Petitioner has not shown

28   ///

                                                    6

1  Ms. Stanton disregarded his wishes when she filed his Abandonment of Appeal.  The petition for

2  a writ of habeas corpus is DENIED.

3      **IT IS SO ORDERED**.

4

5  **DATED:  August 16, 2007**

6  _____
   **IRMA E. GONZALEZ, Chief Judge**

7  **United States District Court**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28